8

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS     SEP 0 8 2003

BROWNSVILLE, TEXAS                     Michael N. Milby
                                       Clerk of Court

Re.   Salvador Tobias-Perez v. United States of America
      Case No. D-03-049
      Criminal case No. B-00-384


Dear Michael N. Miby Clerk of the Court

   I am Salvador Tobias-Perez who respectfully request permission to summit the new habeas corpus §2255 and Motion under Rule 35 or amended the old habeas corpus dissmissed for failed to summit the Forma Pauperis see the attache letter. The reason of this is because the jailhouse lawyer was release from jail and I does not influance in the system law now I have help again and I like renew the Habeas corpus again because the last habeas corpus was dissmissed without perjudice, the Movant prayer to this honorable Clerk to accept this Habeas and the Forma pauperis see the attached form.

Date Sept. 5, 2003

                                    Respectfully Submitted

                                    Salvador Perez Tovias
                                    Salvador Tobias-Perez #73384
                                    Revees Co. Det. Center
                                    P.O. Box 1560
                                    Pecos, Texas 78772

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 0 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SALVADOR TOBIAS PEREZ, Petitioner, | § § § | |
| v. | § § § | CIVIL ACTION NO. B-03-049 CRIMINAL NO. B-00-384 |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DISMISSED WITHOUT PREJUDICE.

DONE at Brownsville, Texas this 3 day of July, 2003.

Hilda Tagle
United States District Judge

Ex: A

United States District Court
Southern District of Texas
ENTERED

JUN 1 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 1 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SALVADOR TOBIAS PEREZ<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-03-049<br>CRIMINAL NO. B-00-384 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 5, 2003, the Court reviewed the case file in the above-captioned matter, and determined that on March 26, 2003, an application to proceed in forma pauperis was mailed to the Petitioner. The Petitioner failed to respond. Therefore, this Court ordered that the case would be dismissed if there was no response received from the Petitioner by June 6, 2003. As of June 9, 2003, there is still no response from the Petitioner in this cause of action, so the case should be **Dismissed without Prejudice.**

### RECOMMENDATION

For the above mentioned reasons, Petitioner's 28 U.S.C. § 2255 Writ of Habeas Corpus should be **DISMISSED WITHOUT PREJUDICE.**

*A party's failure to file written objections to the proposed findings, conclusions, and* recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

Ex. B

6

court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

DONE at Brownsville, Texas, this 10th day of June, 2003.

Felix Recio
United States Magistrate Judge

---

[1] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).