

United States District Court
Southern District of Texas
ENTERED
JUN 23 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUN 23 2004
Michael N. Milby, Clerk of Court

SALVADOR TOBIAS-PEREZ, §
Petitioner, §
§
v. § CIVIL CASE NO. B-03-049
§ (CRIM. CASE NO. B-00-384)
UNITED STATES OF AMERICA, §
Respondent. §

## FIRST AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Salvador Tobias-Perez has submitted a series of documents to the district clerk's office with a cover letter indicating that he is seeking permission to either renew his previously-filed 28 U.S.C. § 2255 motion, which was dismissed without prejudice, or to file a new 28 U.S.C. § 2255 motion. In the following First Amended[1] Report and Recommendation of the Magistrate Judge, this Court recommends that Petitioner's request for permission to file a habeas application be deemed unnecessary and that his new application for habeas relief be dismissed as time-barred.

### BACKGROUND

On September 12, 2000, the grand jury returned a two-count indictment against Salvador Tobias-Perez and two co-defendants, which charged them, in Count 1, with conspiracy to possess with intent to distribute a quantity exceeding one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and, in Count 2, with possession, with intent to distribute, a quantity exceeding one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

---

[1] This Amended Report and Recommendation was prepared in response to the district court's request for stylistic changes to the original Report and Recommendation issued by this Court.

On October 25, 2000, Tobias-Perez appeared before the district court and pled guilty to Count 2 of the indictment. No plea agreement was entered. On February 7, 2001, Tobias-Perez was sentenced to prison for a term of 87 months, to be followed by a supervised release term of 5 years; in addition, a $100 assessment was imposed.

Tobias-Perez filed a timely appeal with the Fifth Circuit, which affirmed his conviction and sentence. *See U.S. v. Tobias-Perez*, No. 01-40158 (5th Cir. Dec. 27, 2001) (unpublished). Tobias-Perez did not, however, seek a petition for certiorari from the Supreme Court.

More than a year later, Tobias-Perez submitted to the district clerk's office a series of documents with a cover letter entitled "Habeas Corpus Cover Letter to the Clerk," which was file-stamped on March 4, 2003. On March 10, 2003, this Court ordered the clerk's office to mail Tobias-Perez the forms typically used by prisoners when filing 28 U.S.C. § 2255 motions –including the paperwork required of prisoners seeking to proceed in forma pauperis. When the prisoner failed to submit the forms that were mailed to him, this Court issued a second order on May 5, 2003, cautioning Tobias-Perez that if he did not submit the required documents by June 6, 2003, his habeas application would be placed on the dismissal docket. Tobias-Perez again failed to respond.

On June 10, 2003, this Court prepared a Report and Recommendation suggesting that Tobias-Perez's 2255 motion be dismissed without prejudice because of the Movant's failure to respond to various court orders (Docket No. 6). No objections to the Report and Recommendation were filed, and on July 3, 2003, the district judge issued an order adopting this Court's Report and Recommendation and dismissing the Petitioner's habeas application without prejudice (Docket No. 7). Accordingly, the case was closed.

On September 8, 2003, the district clerk's office received a letter from Tobias-Perez requesting permission to either amend his previously-filed habeas application or submit a new habeas application (Docket No. 8). Attached to the cover letter were numerous documents related to his criminal case and his habeas claims. Included among the documents were the forms Tobias-Perez had previously failed to submit and a memorandum in support of his habeas application.

## STATED GROUNDS FOR RELIEF

In his application for Section 2255 relief, Tobias-Perez presents a series of arguments that generally relate to the imposition of his sentence and the effectiveness of counsel. More specifically, the Petitioner asserts that:

(1) he entered a guilty plea "involuntarily" based on the advice of his counsel, not knowing that he would receive a harsher sentence than his co-defendants;

(2) his guilty plea should be vacated because he was advised erroneously at his rearraignment that he was subject to a four-year period of supervised release, when in fact he was subject to a four-to-five-year period of supervised release;

(3) the district court erred in adjusting his offense level under U.S.S.G. § 3C1.2 for reckless endangerment;

(4) the district court erred in adjusting his offense level under U.S.S.G. § 3B1.1(a) based on his status as an organizer of the drug smuggling operation; and that

(5) he received ineffective assistance of counsel, in general, relative to the above claims —and in particular, relative to his "involuntary" entry of a guilty plea.

## DISCUSSION[2]

---

[2] Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper. *United States v. Flores*, 135 F.3d 100, 1002 n.7 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846 (1999). Therefore, although the application of Section 2255 is at issue in this case, the Court will refer to cases involving Section 2254 as relevant to its analysis. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000). Similarly, this Court does not adhere to the linguistic "motion/petition" distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255

Before proceeding, the issue of how Tobias-Perez's various filings should be construed must be addressed. As earlier noted, Petitioner's first 2255 motion was dismissed without prejudice. Thereafter, he submitted a second habeas petition with a cover letter requesting permission to renew –or file anew– his application for habeas relief.

It appears that, because the initial habeas application was dismissed without prejudice, Tobias-Perez's request for permission to refile –or renew– his application for habeas relief was unnecessary. *See In Re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (holding that a habeas petition refiled after dismissal without prejudice is neither second nor successive under the AEDPA). In *Gasery*, the Fifth Circuit stated that a refiled petition in circumstances similar to those at hand "is merely a continuation of [the] first collateral attack, not a 'second or successive' petition within the meaning of [the AEDPA]" and therefore no request for permission to refile is necessary. *Id.*

Accordingly, *Gasery* would seem to suggest that Tobias-Perez did not need permission to refile his habeas petition, and that his most recent filing of an additional habeas application was therefore proper –as a "continuation" of his inital habeas application– and should be addressed by this Court. However, subsequent Fifth Circuit case law calls into question this characterization of Tobias-Perez's 2255 motion.

Recent cases have noted that "*Gasery* does not exempt from [the] AEDPA an application" that was filed after a previous application has been dismissed without prejudice. *Graham v. Johnson*, 168 F.3d 762, 775 (5th Cir. 1999). "Instead, it holds that an application

---

and 2254 (technically, a pleading filed under section 2255 is a "motion," while one filed under section 2254 is a "petition"). *Id.*

4

refiled after an earlier application was dismissed without prejudice . . . is not second or successive to that earlier application within the meaning of [the] AEDPA." *Id.* "In doing so, however, it assumes that [the] AEDPA governs the refiled application." *Id.* In other words, the Fifth Circuit's "own citations to Gasery understand it as standing for the proposition that an application filed after a predecessor is dismissed for failure to exhaust state remedies is not successive to that earlier petition and not as holding that the two are in fact the same petition." *Id.*; *see also Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir.1998). Accordingly, the Fifth Circuit has "rejected the contention that *Gasery's* language indicates that the refiling of a petition previously dismissed without prejudice constitutes the same habeas proceeding." *United States v. Patterson*, 211 F.3d 927, 932 n.9 (5th Cir. 2000).

Given the above discussion, it appears that Tobias-Perez's most recent set of filings should be interpreted as a distinct and separate application for Section 2255 relief, but should not be considered "successive" or "second" for AEDPA purposes; therefore, no permission was needed for Tobias-Perez to file the habeas application currently at issue. *See generally id.*[3] The Court now turns to examine Tobias-Perez's 2255 motion.

### A.
### Timeliness

Before this Court can address the merits of Tobias-Perez's arguments, it is necessary to first turn to the question of whether or not we may even properly consider his claims. More specifically, the issue of the Movant's timeliness in filing his § 2255 application is of particular significance. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a

---

[3] Of course, if the petition herein being considered was a "successive" or "second" habeas application, Tobias-Perez would need to seek permission to refile, not from this Court, but from the Court of Appeals.

threshold issue the question of whether or not petitioner's § 2255 motion was time-barred); *see also Patterson*, 211 F.3d at 929-31 (discussing timeliness of a habeas petition filed after timely predecessor had been dismissed without prejudice).

Tobias-Perez filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). Section 2255 provides a one-year time limit for filing a motion to vacate, set aside, or correct a sentence. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

After reviewing the record, it is clear that no unconstitutional "governmental action" impeded Tobias-Perez from filing for § 2255 relief prior to the end of the limitations period. *See id.* In addition, the Movant's claim does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.*

Furthermore, Tobias-Perez has not shown that he was unable to discover the factual basis for his claims until a date subsequent to the day his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the Movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

In the case at hand, Tobias-Perez appealed to the Fifth Circuit –which affirmed his conviction– but, thereafter, did not seek a petition for certiorari from the Supreme Court. *See U.S. v. Tobias Perez*, No. 01-40158 (5th Cir. Dec. 27, 2001). Accordingly, his conviction became final when the ninety-day period for seeking a petition for certiorari expired –i.e., it became final on March 27, 2002. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352-55 (5th Cir. 2000); *see also Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 712 n.6, 93 L.Ed.2d 649 (1987) (federal conviction becomes final when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied"). Therefore, the Movant had until March 27, 2003, to file a timely § 2255 application.

Tobias-Perez filed his initial 28 U.S.C. § 2255 motion on March 4, 2003. Thus, that motion was presented to the court in a timely fashion. However, as previously noted, that motion was dismissed without prejudice after Tobias-Perez failed to pursue his claim and after he failed to comply with a court order (*See* Docket Nos. 5, 6, and 7).

Approximately two months after his 2255 motion was dismissed, Tobias-Perez submitted another habeas petition. As noted previously, Circuit case law dictates that, although the subsequent habeas petition is not "successive" as that term is defined in the AEDPA, it is a

7

distinct and separate habeas application –as opposed to a continuation of the first habeas application. *See, e.g., Patterson*, 211 F.3d at 932 n.9. Thus, the timeliness of Tobias-Perez's second habeas application becomes an issue. *See id.* at 929-31.

As noted earlier, Tobias-Perez's second habeas application was received and filed by the district clerk on September 8, 2003. Tobias-Perez signed the various documents related to his second habeas petition on September 5, 2003; thus, assuming he submitted the application to prison officials on the same day he signed the documents, the very earliest the motion could be considered "filed" was September 5, 2003. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (holding that pro se habeas motion is deemed filed at the time it is delivered to prison officials). Because the Movant had until March 27, 2003, to file a timely § 2255 application, the Section 2255 motion herein being considered was not filed in a timely fashion, and is therefore time-barred.

Nowhere in the various documents Tobias-Perez submitted in support of his habeas application does the Petitioner ever address the issue of timeliness or otherwise provide argument in support of filing his claim after the statute of limitations had run. The only information he offers relating to the prior dismissal is found in his letter to the clerk's office. According to Tobias-Perez, his initial 2255 motion was abandoned due to the fact that the jailhouse lawyer who was assisting him with his claim was released from jail, and that he was unable to pursue the motion himself because of his unfamiliarity with the legal system. *See* Letter to Clerk of the

Court.[4] Although Tobias-Perez's claim was not timely filed, the Court turns briefly to address the issue of whether or not equitable tolling preserves the Petitioner's claims.

The Fifth Circuit has recognized that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *Patterson*, 211 F.3d at 930 (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson*, 211 F.3d at 930 (citations omitted). Furthermore, the Fifth Circuit has looked to Supreme Court precedent in determining that, if a court has led the plaintiff to believe that she had done everything required of her, the doctrine of equitable tolling may be applied. *Id.* (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984)); *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999) ("We look to our non-AEDPA cases for further elucidation of when to toll").

In the case at hand, there was no indication by the Petitioner that he in any way expected the statute of limitations to be equitably tolled. Furthermore, this Court's actions relative to Tobias-Perez's initial habeas application could in no way be interpreted as suggesting that the statute of limitations would be tolled. In fact, this Court –on several occasions– stressed to Tobias-Perez the importance of responding to court orders, went to great lengths to give the Petitioner the opportunity to have his claims heard, and provided more than ample time for Tobias-Perez to follow the court's instructions. Tobias-Perez chose not to respond. In addition,

---

[4] It should be noted that this was the first time Tobias-Perez informed the Court of his reasons for not pursuing the original habeas petition.

9

until he refiled his habeas application, the Petitioner never informed the Court why he chose not to further pursue his initial habeas petition. In short, there are no rare or exceptional circumstances present in this case to justify equitable tolling. *See generally Patterson*, 211 F.3d 927. As a result, this Court must conclude that Tobias-Perez's § 2255 motion was untimely.

## B.
## Tobias-Perez's Claims

Notwithstanding the above discussion, the Court turns briefly to address the merits of Tobias-Perez's claims. Although the Petitioner's Section 2255 motion is time-barred, for the sake of clarity and thoroughness, his stated grounds for relief have been scrutinized; and as described below, this Court's analysis has led to the conclusion that said claims lack merit and do not justify habeas relief –even if they were not barred by § 2255's statute of limitations.

It is clear that Tobias-Perez's claims related to the erroneous information he received at rearraignment regarding the period of supervised release he was subject to and the application of U.S.S.G. § 3C1.2 for reckless endangerment are foreclosed under "the law of the case." Tobias-Perez asserted these same arguments on appeal, and this Court is foreclosed from re-visiting claims that were argued and decided on direct appeal. *See United States v. Erwin*, 277 F.3d 727, 733 (5th Cir. 2001); *United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999); *United States v. Becerra*, 155 F.3d 740, 752-53 (5th Cir. 1998) (stating that the "law of the case" precludes the district court from re-examining an issue decided on direct appeal). According to binding precedent, because the Fifth Circuit rejected these argument on direct appeal, this Court is foreclosed from re-visiting them in these proceedings. *See U.S. v. Tobias-Perez*, No. 01-40158 (5th Cir. Dec. 27, 2001) (unpublished); *see also Becerra*, 155 F.3d at 752-53.

In addition, Tobias-Perez's contention that the district court erred in adjusting his offense level under U.S.S.G. § 3B1.1(a) based on his status as an "organizer" does not raise concerns that are cognizable under Section 2255. "[A] non-constitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Furthermore, "a district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *Id.*

Lastly, Tobias-Perez's contentions related to the involuntariness of his guilty plea and the ineffective assistance of counsel that allegedly led to said guilty plea also fail to establish his entitlement to Section 2255 relief. The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Tobias-Perez's claim can be summarized as follows: his counsel was ineffective because she advised him to plead guilty –without entering a plea agreement– and as a result of his guilty plea he ended up with a harsher sentence than his co-defendants.

11

As Tobias-Perez himself notes, the reason his sentence was harsher than his co-defendants was because of the enhancement that resulted from the application of U.S.S.G. § 3B1.1(a) –which was based on his status as an organizer. The only error that Petitioner alleges was made by his attorney was her recommendation that he plead guilty –and that he do so without a plea agreement– because it led him to receive a harsher sentence than his co-defendants. However, given the context, such an act can only be considered error with the benefit of hindsight, and would have required counsel to foresee the exact sentence the district court would impose.

Courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland v. Washington*, 466 U.S. at 690; *Duff-Smith v. Collins*, 973 F.2d at 1182. Furthermore, a criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial. *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997) (citing *Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983)).

In the case at hand, counsel's performance was not constitutionally deficient because it cannot be said to have fallen below an objective standard of reasonableness. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995).

Furthermore, Tobias-Perez's curt assertions regarding counsel's alleged error fail to overcome the presumption that his trial counsel's conduct fell within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, Tobias-Perez's failure to establish that his counsel's performance was deficient makes it unnecessary to examine whether or not he was prejudiced by counsel's actions. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Accordingly, Tobias-Perez's ineffective assistance claim proves to be unavailing.

Given the above discussion, this Court is convinced that even if the Petitioner's habeas application had not been time-barred, the substantive arguments in Tobias-Perez's 2255 motion would not suffice to establish his eligibility for habeas relief.

## RECOMMENDATION

A thorough review of all files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that the Movant is not entitled to the relief sought because his habeas application is time-barred; therefore an order for summary dismissal would be appropriate in this case. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255; *United States v. Santora*, 711 F.2d 41, 42 (5th Cir.

1983). Accordingly, this Court RECOMMENDS that Petitioner's 28 U.S.C. § 2255 Motion be DISMISSED as time-barred and that the relief sought be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 23ed day of June, 2004.

Felix Recio
United States Magistrate Judge